IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CORLISS, | : | |
| Petitioner, | : | 1:16-cv-0273 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| GARY HAIDLE, WARDEN, PA | : | |
| STATE ATTORNEY GENERAL, | : | |
| Respondents. | : | |

## **MEMORANDUM**

### **April 20, 2016**

Justin Corliss ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 17, 2016. (Doc. 1). Preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)[1], reveals that the petition is subject to summary dismissal because there are ongoing state court criminal proceedings.

---

[1] Rule 4, which governs preliminary review of petitions, and is applicable to § 2241 petition, states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also*, Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (stating that the rules may be applied to § 2241 petitions).

## I. BACKGROUND

Petitioner alleges that, on July 10, 2013, "he was arrested and charged with claims of indecent contact and in a different case he was charged with failing to register under Pennsylvania's Megan's Law" in Court of Common Pleas of Monroe County Criminal Case Numbers CP-45-CR-0001748-2013, and CP-45-CR-0001749-2013. (Doc. 1, ¶ 5). In addition, on August 13, 2013, he was charged with claims of indecent contact in Court of Common Pleas of Monroe County Criminal Case Number CP-45-CR-0001748-2013. (*Id.* at 6). According to the electronic docket sheets retrieved from Pennsylvania's Unified Judicial System, http://ujsportal.pacourts.us., the trial of the matter is scheduled to commence May 31, 2016, and continue through June 3, 2016.

Petitioner contends that he is "an unconvicted pre-trial detainee, who has been unconstitutionally imprisoned absent bail for two years and seven months resulting in punishment absent a conviction in violation of the right to a speedy trial…." (*Id.* at 1). He "seeks of this United States Court to exercise its federal supervisory powers to enforce Petitioner's Constitutional rights by estopping the Commonwealth of Pennsylvania from prosecuting Petitioner" and to "immediately and unconditionally" release him from the "unconstitutional pre-trial detention." (*Id.* at 7).

## II. DISCUSSION

For state prisoners, although federal habeas corpus is substantially a post-conviction remedy, *Peyton v. Rowe*, 391 U.S. 54, 60 (1967), district courts have subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is custody pursuant to yet untried state charges. *See Maleng v. Cook*. 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). However, *Braden* specifically cautioned that its holding should not be construed as permitting the derailment of a pending state criminal proceeding. *Braden*, 410 U.S. at 493.

A review of the state trial court electronic dockets reveals that there have been significant ongoing state court proceedings impacting the ability of these matters to proceed to trial. Particularly compelling is Petitioner's *pro se* appeal from an order filed in Court of Common Pleas of Monroe County Criminal Case No CP-45-CR-0001748-2013, raising the following issues:

1. Whether 42 PA.C.S.A. § 9799.10, *et seq*. (Act 2012–91), as amended, applied to [Petitioner] on its effective date contrary to the dicta of *Commonwealth v. Richardson*, 784 A.2d 126 [ (Pa. Super. 2001) ], and its progeny, as application of the Statutory Construction Act provides that [Petitioner] was not subject to [the Sex Offender Registration and Notification Act,] SORNA.

> 2. Whether 42 PA.C.S.A. § 9799.13(3) (Act 2012–91) identified [Petitioner] as one who must register under SORNA, as he had not previously "failed to register."

*Com. v. Corliss*, No. 1690 EDA 2015, 2016 WL 903981, at *1-2 (Pa. Super. Ct. Mar. 9, 2016). The Superior Court found his challenge to be two-fold. "First, he claims SORNA does not apply to him under our rules of statutory construction. Next, Appellant argues it is unconstitutional to apply SORNA to him." *Id.* On March 9, 2016, the Superior Court of Pennsylvania concluded that SORNA is constitutional and does not violate the *ex post facto* doctrine or the separation of powers, and remanded the matter for the trial court to proceed on the Commonwealth's charges for failing to comply with registration requirements, 18 PA.C.S.A. § 4915.1. *Id.* The matters found at Court of Common Pleas of Monroe County Criminal Case Number CP-45-CR-0001748-2013 and CP-45-CR-0001749-201, are now scheduled to proceed to trial on May 31, 2016. Any attempt by this Court to pass on the claimed denial of a speedy trial would inappropriately result in the "derailment of a pending state proceeding." *Braden*, 410 U.S. at 493.

Moreover, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings. It is well-settled that federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491

U.S. 350, 358 (1989).  Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).  In *Younger*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)).  The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43.  *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir .2005)).  These requirements are clearly met in the matter *sub judice*.

Even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist:  "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other

extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Petitioner fails to demonstrate extraordinary circumstances such that abstention would be deemed inappropriate. Significantly, Petitioner "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts." *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975).

Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas,* 959 F.2d 1227, 1234 (3d Cir. 1992).

### III.  CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

A separate order will enter.